```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ALABAMA
                          JASPER DIVISION
```

ROYAL INSURANCE COMPANY OF  )
AMERICA,                    )
                            )
     Plaintiff,             )   CIVIL ACTION NO.
                            )
v.                          )   00-AR-3496-J
                            )
SANDRA HILL THOMAS, et al., )
                            )
     Defendants.            )

FILED 03 NOV 14 PM 4:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
NOV 14 2003

## MEMORANDUM OPINION

Before the court are motions by plaintiff, Royal Insurance Company of America ("Royal"), by defendant, Certain Uninterested Underwriters at Lloyd's of London ("Lloyd's"), and by defendant, Velma Daniel ("Daniel"). This is a declaratory judgment action that began on December 5, 2000 with the complaint filed by Royal. Royal filed a motion for partial summary judgment on November 16, 2001. Lloyd's filed a motion for summary judgment on November 2, 2001. These motions presented undecided questions of Alabama law, precipitating their certification by this court to the Supreme Court of Alabama ("Alabama Court") pursuant to Rule 18, Alabama Rules of Appellate Procedure. After the Alabama Court on October 3, 2003 issued a thorough and carefully written opinion answering the certified questions, Lloyd's filed a renewed motion for summary judgment invoking the Alabama Court opinion, and on the same date, October 15, 2003, Royal filed a motion for leave

1

to supplement its evidentiary submission in support of its motion for summary judgment. On November 10, 2003, Daniel filed a motion for summary judgment. The motions have been briefed and orally argued. No party filed a timely application for rehearing with the Alabama Court.

### Background

Both Lloyd's and Royal issued insurance policies to Carl Cannon Chevrolet-Olds, Inc. ("Cannon"). Lloyd's issued a so-called "garage" policy, while Royal issued a so-called "umbrella" policy. On October 9, 1998 Cannon lent defendant, Sandra Hill Thomas ("Thomas") (who has "sat it out" in this court and in the Alabama Court), a car to use while Cannon repaired her car. On October 13, 1998, while she was driving the car she borrowed from Cannon, Thomas collided with a car driven by Daniel. Daniel was badly injured. Subsequently she sued Thomas and Cannon in the Circuit Court of Walker County, Alabama. That court entered summary judgment for Cannon, but Daniel's damage suit against Thomas is still pending and is now set for jury trial.

Thomas carried no liability insurance. Therefore, the only possible sources of insurance to cover liability for the accident are the policies that Lloyd's and Royal issued to Cannon. Royal's declaratory action seeks an interpretation of both policies and a declaration of the rights and responsibilities owed by Royal. The cross-motions for summary judgment claim that

if there is coverage it is by the other insurance company. Until the Alabama Court accepted this court's invitation to express the law of Alabama here appropriate, there was no controlling Alabama precedent to resolve this dispute. The court certified two questions to the Alabama Court:

> 1. Is the exclusion or limiting clause contained in Section II, paragraph A(1)(a)(2) of the Lloyd's Garage Liability Policy issued to Carl Cannon Chevrolet-Oldsmobile, as the insured's primary liability coverage, valid under Alabama law? Put another way, does the Alabama law allow an insurer to limit its exposure under a so-called "garage" policy by reducing its liability limit to the statutory minimum in cases in which a permitted driver qualifies as an "insured", but does not possess automobile liability coverage?
>
> 2. Depending upon the answer to question 1, what coverage, if any, is provided to the driver of the automobile that was furnished by Carl Cannon Chevrolet-Oldsmobile to her under the language of Section VI (6) of Royal's Big Shield Commercial Catastrophe Liability Policy?

In its order of certification the court added that "the Supreme Court is, of course, *free to rephrase or restate the questions to suit its purposes so as to enlighten this court and future litigants in Alabama courts, both state and federal*...." (emphasis supplied).

Section II, paragraph A(1)(a)(2)(d) of the Lloyd's policy generally excludes customers of Cannon from coverage. However, the policy has two exceptions to this general exclusion. Section II, paragraph A(1)(a)(2)(d) of the policy provides that if a customer of Cannon:

3

>   (i) Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.
>
>   (ii) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

In answering the first certified question, the Alabama Court held that the exclusion in the Lloyd's policy effectively excludes Thomas from coverage and that the exclusion does not violate public policy.  *Royal Ins. Co. of America v. Thomas*, 2003 WL 22272781, at *8 (Ala. Oct. 3, 2003).  In answering the second certified question, the Alabama Court held that the "Royal umbrella policy affords Thomas primary coverage for the collision...."  *Id.* at *10.

## Analysis

Royal now asks for leave to supplement its evidentiary filing and legal memorandum in order to change the focus of the inquiry and to support its revised motion for partial summary judgment.  Royal wants to supplement its evidentiary filing with eight endorsements, two of which, according to Royal, relieve Royal of any obligation to provide primary coverage as held by the Alabama Court.  Endorsement 1, entitled "Named Insured Limitation," provides:

>   If you are not an Insured [under the Lloyd's policy],

4

> you are not an Insured under this policy.

Endorsement 6, entitled "Personal Injury Limitation," provides:

> As respects 'Personal Injury', this policy is limited to the coverage provided to the Insured in [the Lloyd's policy]. If coverage is not provided by [the Lloyd's policy], coverage is excluded from this policy.

Royal argues that these provisions were meant to modify the original insurance contract as evidenced by the reference to them on the declarations page of the insurance policy. Royal further argues that because the Alabama Court decided that Thomas was not an "insured" under the Lloyd's policy and was thus afforded no coverage under the Lloyd's policy, she also was not an insured and was not covered under the Royal policy.

After it filed this declaratory judgment action in December 2000, Royal has submitted copies of its insurance policy along with its pleadings on at least three separate occasions: the initial complaint, the evidentiary submission in support of its motion for partial summary judgment, and its brief to the Alabama Court. Royal did not mention the alleged endorsements until October 15, 2003 when it filed its motion for leave to supplement its evidentiary filing and legal memorandum in support of its motion for partial summary judgment. Lloyd's says nothing because it has been "let off the hook" by the Alabama Court. Daniel argues with persuasive force that Royal should not be allowed to supplement its evidentiary filing at this late date.

Daniel argues:

> Never before during the three years of this pending litigation had [Royal] challenged Defendant Thomas' status as an "insured" pursuant to the terms of the Lloyd's of London garage policy. Until now, Plaintiff Royal has conceded that Defendant Thomas is an "insured" pursuant to the terms of [the Royal] policy. This admission has shaped the strategies and arguments of all parties, as well as the actions of this Honorable Court and also the Alabama Supreme Court in its advisory opinion. Plaintiff Royal should be estopped from denying now that Defendant Thomas is an "insured" pursuant to the terms of its...policy.

This court can find no excuse for Royal's failure to present these endorsements to this court before this court framed its questions to the Alabama Court, or to the Alabama Court while it was considering the coverage questions, or to the Alabama Court in a timely application for rehearing. As it is, Royal is, in effect, asking this court to overrule the Alabama Court to which this court deferred. This court will not re-open a can of worms for Royal.

Assuming *arguendo* that Royal can be allowed to take the new position it now takes, the endorsements submitted do not affect the outcome of the case. As mentioned previously, Royal has for the first time submitted eight endorsements. Five of the endorsements have no effective date listed and are unsigned, while the other three do contain effective dates and are counter-signed by a Royal representative.

Endorsement 6 is one of the signed endorsements, but the

effective date listed on it is July 1, 1999. As stated previously, the accident occurred on October 13, 1998. The endorsement was not effective until over eight months after the date of the accident. Endorsement 1 is neither signed nor dated. When read in conjunction with the other endorsements, the logical conclusion is that the effective date of endorsement 1 is the same as the other listed effective dates, July 1, 1999. This means that the endorsement was not in effect at the time of the accident. Further, the lack of an effective date creates an ambiguity as to the coverage under Royal's policy. Under Alabama law, such ambiguities are resolved against the insurer and in favor of the insured. *See Twin City Fire Ins. Co. v. Alfa Mut. Ins. Co.*, 817 So.2d 687, 695 (Ala. 2001). Therefore, the ambiguity Royal created by providing an effective date for some of the endorsements but not others must be resolved in favor of coverage for Thomas.

These strange and contradictory post hoc endorsements will become academic when the court overrules Royal's motion to supplement, because the motion to supplement comes too late.

### Conclusion

By separate order, this court will grant the motions of Lloyd and Daniel for summary judgment and will deny the motions of Royal for partial summary judgment and for leave to supplement its evidentiary filing and legal memorandum in support of its

motion for partial summary judgment. Royal is obligated to provide primary coverage to Thomas for the collision up to the policy limits of $5,000,000 per occurrence, as held by the Supreme Court of Alabama. Therefore, Royal is responsible for defending and indemnifying Thomas in the suit now pending in the Circuit Court of Walker County, Alabama.

DONE this 14th day of November, 2003.

*William M. Acker*

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE