IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

FILED
03 NOV 26 PM 3:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

ROYAL INSURANCE COMPANY OF AMERICA,

    Plaintiff,

v.

SANDRA HILL THOMAS, et al.,

    Defendants.

CIVIL ACTION NO.

00-AR-3496-J

ENTERED
NOV 26 2003

## MEMORANDUM OPINION

On November 21, 2003, plaintiff, Royal Insurance Company of America ("Royal"), filed a motion to reconsider the declaratory judgment entered on November 14, 2003. *Inter alia*, Royal complains that it was not afforded the ten days provided by Rule 56 within which to respond to the motion for summary judgment filed on November 10, 2003, by defendant, Velma Daniel ("Daniel").

Earlier, on October 30, 2003, Daniel had filed a memorandum brief in opposition to Royal's then pending motion for summary judgment, and in opposition to Royal's then pending motion for leave to supplement the evidence that it had submitted in support of the motion for summary judgment it filed prior to the certification to the Supreme Court of Alabama. On October 30, 2003, there was not only Royal's pending Rule 56 motion that sought a declaration that it had no obligation to provide insurance coverage or a defense for defendant, Sandra Hill Thomas ("Thomas"), in the tort action brought against her by defendant, Daniel, but



there was a pending Rule 56 motion by defendant, Certain Interested Underwriters at Lloyd's of London ("Lloyd's") that relied on the recent opinion of the Supreme Court of Alabama.  As the court pointed out in its opinion of November 14, 2003, Thomas was simply waiting for the outcome of this case.  She was not called upon to do any more than to answer Royal's complaint and to await this court's ruling.

This court could have summarily enforced and implemented the opinion of the Supreme Court of Alabama that carefully responded to the questions certified to it by this court.  Those questions and their answers resolved the disputes of insurance coverage and effectively disposed of the controversy.  There was no reason to await further participation by the parties after the Supreme Court of Alabama spoke.  If Royal's renewed motion for summary judgment and its motion for leave to supplement were due to be denied, as this court concluded on November 14, 2003, those denials gave Daniel and Thomas all relief to which they were entitled under the instruction of the Supreme Court of Alabama.  There was no need for either of them to file a Rule 56 motion.  Neither Thomas nor Daniel could do more than to disagree with Royal or to ask the Supreme Court of Alabama for a rehearing.  In other words, Daniel's motion for summary judgment was a redundancy.  It did not call for a response by Royal, within ten days or ever.

The "granting" of Daniel's Rule 56 motion added nothing and

subtracted nothing. The parties orally argued and briefed all of the issues that Royal now seems to want more time to brief. The court could have denied Royal's motions and Lloyd's motion, and have simply ignored Daniel's motion. Perhaps that is what it should have done. If "granting" Daniel's motion earlier than ten days after its filing was error, it was error without injury.

Under these unique procedural circumstances, no purpose would have been served in giving Royal ten days within which to respond to Daniel's unnecessary Rule 56 motion. Considering Royal's present motion as a motion for reconsideration pursuant to Rule 59, and finding that the motion is not well taken, and that the opinion of November 14, 2003, adequately addressed the dispositive issues, Royal's motion will be denied by separate order.

DONE this 26th day of November, 2003.

/s/ William M. Acker
_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE